IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

ROGER EDMONDSON,

    Plaintiff,

vs.

Civil Action No.1:96CV235-T

AMERICAN MOTORCYCLE ASSO-
CIATION, INC., a/k/a AMERICAN
MOTORCYCLIST ASSOCIATION,
and PARADAMA PRODUCTIONS,
INC., d/b/a AMA PRO RACING,

    Defendants.

## JUDGMENT

THIS MATTER came before this Court for a jury trial commencing December 9, 1998. The jury rendered a verdict in favor of the Plaintiff which appears of record finding, *inter alia*, that the Defendants converted Plaintiff's mailing list, wrongfully interfered with Plaintiff's contract rights with three race tracks, converted Plaintiff's business interests brought to the parties' joint venture, breached its fiduciary duty to the Plaintiff (Defendant A.M.A. only), asserted control over the Plaintiff's interest in the joint venture and/or excluded him from the business, misrepresented to the Plaintiff their intention to purchase his interest in the joint venture, failed to disclose to the Plaintiff the terms and/or nature of television coverage contracts for races produced by the joint venture, marketed and promoted races as if they were the same product which had been produced by the joint venture and as if they were a continuation of the series formerly operated by the joint venture and otherwise interfered with the Plaintiff's contractual and prospective contractual rights when he was attempting to carry on his new racing business. The jury found that the Defendants' conduct was in or affecting commerce and that the Plaintiff was injured as a proximate cause of such conduct. The jury found actual damages in favor of the Plaintiff in the aggregate amount of $930,000.00 and in addition awarded punitive damages in the amount of $750,000.00 against the Defendant A.M.A. and $250,000.00 against the Defendant Paradama Productions, Inc.

This Court concludes that the conversion of the Plaintiff's mailing list owned by the Plaintiff as his separate and distinct asset, as determined by the jury in its answer to Issue No. (A)(3), constitutes an unfair and deceptive trade

DOCUMENT SCANNED

/3/

practice and unfair competition in violation of N.C. Gen. Stat. § 75-1.1. The Court further concludes that the remaining conduct of the Defendants, as determined by the jury as recited above in its answer to Issue No. (E)(1)(a, d, f, g, h, i and j), constitutes unfair and deceptive trade practices and unfair competition in violation of N.C. Gen Stat. § 75-1.1.

Pursuant to the jury's verdict this Court finds and concludes as a matter of law that the Plaintiff and his business were injured by Defendants' conduct and that pursuant to N.C. Gen. Stat. § 75-16, the amount of actual damages fixed by the jury's verdict shall be trebled.

If, as here, the same conduct gives rise to claims for relief under both common law and N.C. Gen Stat. § 75-1.1, the Plaintiff is required to elect between the different remedies available after the jury has returned its verdict. As a result of the verdict Plaintiff has advised the Court through counsel of his election to recover trebled actual damages in lieu of (actual and) punitive damages.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff have and recover of the Defendants, jointly and severally, the sum of TWO MILLION SEVEN HUNDRED NINETY THOUSAND DOLLARS ($2,790,000.00);

2. Plaintiff have and recover interest as provided by law on the amount of actual damages awarded, or $930,000.00, from September 17, 1996, the date of the filing of this action, until paid in full. In addition thereto, Plaintiff shall recover interest on the trebled portion of the award, or $1,860,000.00, from the date of the entry of this judgment until paid in full.

3. Plaintiff have and recover of the Defendants, jointly and severally, the costs of this action to be taxed by the Clerk of this Court; and

4. Plaintiff shall, within 15 days of the date of entry of this judgment, submit to this Court a motion for attorneys' fees with supporting affidavit(s) and memorandum of law accompanied *in camera* by a detailed statement of attorneys' time devoted to the prosecution of this civil action and shall contemporaneously submit to Defendants' counsel a summary of such statement. Defendants shall have 15 days thereafter to file and serve opposing affidavit(s) and memorandum.

This 30th day of December, 1998.

LACY H. THORNBURG
UNITES STATES DISTRICT COURT JUDGE

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:96-cv-00235

True and correct copies of the attached were mailed by the clerk to the following:

George Ward Hendon, Esq.
Adams, Hendon, Carson, Crow & Saenger, P. A.
P. O. Box 2714
Asheville, NC 28802

Martin K. Reidinger, Esq.
Adams, Hendon, Carson, Crow & Saenger, P. A.
P. O. Box 2714
Asheville, NC 28802

David S. Atlas, Esq.
45 Riverside Avenue
Red Bank, NJ 07701

John H. Hasty, Esq.
Waggoner, Hamrick, Hasty, Monteith & Kratt, PLLC
Two First Union Center
Suite 2750
Charlotte, NC 28282

Edward A. Matto, Esq.
Bricker & Eckler
100 S. Third Street
Columbus, OH 43215

Elizabeth Watts, Esq.
BRICKER & ECKLER LLP
100 South Third St.
Columbus, OH 43215

J. Dickson Phillips III
Private Adjudication Center
110 Swift Ave.
Suite 2
Durham, NC 27705-4800

cc:
Judge                       (✓)
Magistrate Judge            ( )
U.S. Marshal                ( )
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Court Reporter              ( )
Courtroom Deputy            ( )
Orig-Security               ( )
Bankruptcy Clerk's Ofc.     ( )
Other _____      ( )

Date: 12/30/98

Frank G. Johns, Clerk
By: E. Barton
    Deputy Clerk