FILED
ASHEVILLE, N.C.

MAR -2 PM 3:57

DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| ROGER EDMONDSON, | ) Civil Action No.1:96CV235-T |
| Plaintiff, | ) |
| vs. | ) |
| AMERICAN MOTORCYCLE ASSOCIATION, INC. an Ohio not for profit Corporation, a/k/a AMERICAN MOTORCYCLIST ASSOCIATION, and PARADAMA PRODUCTIONS, INC., an Ohio Corporation, d/b/a AMA PRO RACING, | ) |
| Defendants. | ) |

## OBJECTION TO APPROVAL OF BOND

NOW COMES the Plaintiff, and objects to the approval of the bond which has been proposed by the Defendants in this matter, and in support thereof shows the Court the following:

The proposed Bond is defective, and fails to comply with the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure, and fails to adequately secure the interests of the Plaintiff as more particularly set forth below.

1. In the body of the proposed Bond the proposed surety, Great American Insurance Company fails to state that it submits to the jurisdiction of the United States District Court for the Western District of North Carolina, and further the proposed surety fails to irrevocably appoint the Clerk of the United States District Court for the Western District of North Carolina as its agent for the service of any papers in connection with the enforcement of the Bond or in any other way connected to such Bond, as is required by Rule 8(b) of the Federal Rules of Appellate Procedure.

2. The failure of the proposed Bond to include the provisions required by the statute, as set

forth above, may put the Plaintiff in the position of having to file an independent action to enforce the Bond, if such becomes necessary. Thus the proposed Bond fails to provide the Plaintiff adequate security for the Judgment that has been entered in this matter.

3. The proposed Bond is signed by one Laura Hall, who purports to be signing on behalf of the proposed surety, Great American Insurance Company. Attached to the proposed Bond is a Power of Attorney naming Laura Hall. That Power of Attorney, however, is unexecuted. It states on its face that one Douglas Bowen, acting on behalf of Great American, is signing the Power of Attorney, but the signature of Douglas Bowen appears nowhere on either the Power of Attorney or the proposed Bond. The Power of Attorney further states that the signature of Douglas Bowen is notarized by a notary public, but no signature of a notary public appears on the Power of Attorney or anywhere on the proposed Bond.

4. The proposed Bond implies, but does not state, that it is given in security of the Judgment rendered in this case. In the standard form Supersedeas Bond the Judgment being secured is specifically recited. In this proposed Bond, that language is omitted. In fact, of the five paragraphs ordinarily seen in a Supersedeas Bond, the two relating to the Judgment being secured and the submission of the surety to the Court's jurisdiction are omitted. The language which should appear in said Bond should be substantially as follows: "On December 30, 1998, in an action pending in this Court between the Roger Edmondson as Plaintiff and the American Motorcycle Association, Inc. a/k/a the American Motorcyclist Association and Paradama Productions, Inc, d/b/a AMA Pro Racing, as Defendants, Judgment was rendered against said Defendants and in favor of the Plaintiff in the amount of $2,790,000.00 plus attorneys' fees and costs of $431,672.81 plus interest, and the Defendants seek a stay of the enforcement of said Judgment pending appeal to the Fourth Circuit Court of Appeals, and this Bond is given to secure the full and total enforcement of said Judgment if it should be affirmed in whole or in part."

5. The amount of the proposed Bond is insufficient. The total amount due under the Judgment as of March 2, 1999, including interest, costs, and attorneys' fees is calculated by Plaintiff's counsel to be $3,341,836.75. If the appeal does, in fact, take two years to complete, as asserted by Defendants' counsel in a recent letter, the amount due thereunder as of March 2, 2001, would be $3,637,199.71, excluding the accrual of additional attorneys' fees. For that reason, the Plaintiff asserts that the proper amount for the Bond should be no less than $3,670,000.00.

WHEREFORE, the Plaintiff respectfully prays the Court as follows:

1. That the proposed Bond tendered by the Defendants and Great American Insurance Company not be approved.

2. For such other and further relief as this Court may deem just and proper.

This the 2d day of March 1999.

ADAMS HENDON CARSON CROW & SAENGER PA

By /s/ [signature]
GEORGE WARD HENDON       NC Bar No. 2026
MARTIN REIDINGER          NC Bar No. 12527
Attorneys for Plaintiff
P.O. Box 2714
Asheville, NC 28802
(828) 252-7381

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing Objection to Approval of Bond upon all other parties to this cause by delivering a copy thereof to the attorneys of record for said parties or to partners or employees at the offices of such attorneys.

This the 2d day of March 1999.

By: /s/ [signature]